Todd Friedman, CA Bar No. 216752
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
(877) 206-4741
tfriedman@attorneysforconsumers.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATARRA OLLIE, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WAYPOINT HOMES, INC.,<br><br>　　　　　　　Defendants. | No.<br><br><br><br>COMPLAINT &<br>JURY DEMAND |

NOW COMES the Plaintiff, LATARRA OLLIE, by and through her attorneys, Law Offices of Todd M. Friedman, P.C., suing on behalf of herself and all others similarly situated, and for her complaint against the Defendant, WAYPOINT HOMES, INC., Plaintiff states as follows:

### I.　　PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq*.

### II.　　JURISDICTION & VENUE

2. Jurisdiction arises under the ECOA, 15 U.S.C. §1691e(f) and pursuant to 28 U.S.C. §§1331, 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. LATARRA OLLIE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Douglasville, County of Douglas, State of Georgia.

5. WAYPOINT HOMES, INC., (hereinafter, "Defendant") is a corporation that has its principal place of business and its offices located in the City of Oakland, State of California.

6. In its dealings with Plaintiff, Defendant held itself out as being a company engaged in the rental of apartments to consumers. As a part of its business, Defendant engages in tenant screening and performing of background and credit history reviews of applicants for apartment rentals.

7. At all relevant times, Plaintiff was an "applicant" as that term is defined by 15 U.S.C. §1691a(b).

8. At all relevant times, Defendant acted as a "creditor" as that term is defined by 15 U.S.C. §1691a(e).

### IV. ALLEGATIONS

9. On or about January 12, 2014 Plaintiff applied for an apartment lease at a property owned, managed and/or maintained by Defendant.

10. As a part of the application process, Defendant required Plaintiff to authorize a review of her consumer report as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(d).

11. On or about January 12, 2014, Defendant, as part of its customary practice and course of business in reviewing a consumer's application for renting an apartment, purchased a consumer report regarding Plaintiff from On-Site.com, a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. §1681a(f).

12. Defendant rejected Plaintiff's application based upon information contained within the report received from On-Site.com. Attached hereto as Exhibit

A is a copy of Defendant's standardized form letter entitled "Adverse Action Notice" addressed to Plaintiff and dated January 13, 2014.

13. Defendant's rejection of Plaintiff's application constituted "adverse action" as that term is defined by ECOA, 15 U.S.C. §1691(d)(6).

14. Pursuant to section 1691(d) of ECOA:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by--
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>
> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

15 U.S.C. § 1691(d)(2), (3).

15. Defendant violated the ECOA. In taking adverse action against Plaintiff in response to her application with Defendant, Defendant failed to (a) provide Plaintiff with a statement of reasons in writing for the adverse action taken; (b) provide written notification of adverse action which disclosed to the Plaintiff her right to a statement of reasons for the adverse action within thirty days after receipt by Defendant of a request made within sixty days after the notification of the denial of credit, and the identity of the person or office from which such

statement may be obtained; and, (c) provide the specific reasons for the adverse action taken.

## V. CLASS ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16. The aforementioned class of individuals is defined as all persons to whom, during the five (5) year period prior to the filing of this Complaint, Defendant obtained a consumer report regarding an applicant, took adverse action against that applicant based in whole or in part upon said consumer report, and sent the person a letter substantially in the form of the letter attached hereto as Exhibit A (the "Class").

17. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has used consumer reports in order to screen hundreds, possibly thousands, of potential tenants, and has utilized the form letter substantially in the form of Exhibit A hereto to decline the tenants' applications.

18. There are questions of law and fact common the Class that predominate over any questions affecting only individual Class members. The principal questions at issue are whether Defendant violated the ECOA by using the form letter attached hereto as Exhibit A to reject tenant applications.

19. Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

20. There are no individual questions of fact, other than whether a Class member was sent one of the offending letters, which can be determined by a ministerial inspection of Defendant's records.

21. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experience in handling class actions and claims involving unlawful

business practices.  Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

22. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class.  Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

23. This action should be maintained as a class action because the Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

24. A class action is a superior method for the fair and efficient adjudication of this controversy.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of individual Class members may be easily obtained from Defendant's records.

### VI. PLAINTIFF'S ALLEGATIONS

25. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

27. As a result of the above violations of the ECOA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

### VIII. JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LATARRA OLLIE, by and through her attorneys, respectfully prays for judgment as follows:

A. Determining that this action is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding the Class $500,000 or one percent of Defendant's net worth in punitive damages;

C. Awarding Plaintiff $10,000 in punitive damages;

D. Declaring that Defendant's use of the form letter attached hereto as Exhibit A is in violation of section 1691(d) of the ECOA;

E. Enjoining Defendant, it agents, employees and assigns from further violations of the ECOA;

F. Awarding Plaintiff reasonable attorneys' fees and costs of this action;

G. Awarding Plaintiff and the Class such other and further relief as is just and proper.

Respectfully Submitted,

By:   /s Todd Friedman
      Todd Friedman
      Attorney for Plaintiff
      LATARRA OLLIE

1  Todd Friedman, CA Bar No. 216752
   Law Offices of Todd M. Friedman, P.C.
2  324 S. Beverly Drive, #725
3  Beverly Hills, CA 90212
    (877) 206-4741 (x610)
4  tfriedman@attorneysforconsumers.com
5
   Larry P. Smith (Atty. No.: 6217162)
6  SMITHMARCO, P.C.
7  205 North Michigan Avenue, Suite 2940
   Chicago, IL 60601
8  Telephone:   (312) 324-3532
9  Facsimile:   (888) 418-1277
10 E-Mail:      lsmith@smithmarco.com
11
   FRANCIS & MAILMAN, P.C.
12 James A. Francis
13 David A. Searles
   Land Title Building, 19th Floor
14 100 South Broad Street
15 Philadelphia, PA 19110
   (215) 735-8600
16
17
18
19
20
21
22
23
24
25
26
27
28