1 | Ellen A. Cirangle (SBN 164188)
STEIN & LUBIN LLP
2 | Transamerica Pyramid
600 Montgomery Street
3 | 14th Floor
San Francisco, CA  94111
4 | Telephone:      (415) 981-0550
Facsimile:       (415) 981-4343
5 | ecirangle@steinlubin.com

6 | Attorneys for Defendant
WAYPOINT HOMES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LATARRA OLLIE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAYPOINT HOMES, INC.,<br><br>Defendant. | Case No.  CV-14-1996 YGR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         Tuesday, August 12, 2014<br>Time:        2 p.m.<br>Place:       Courtroom 1<br>Judge:      The Hon. Yvonne Gonzalez Rogers |

## NOTICE OF MOTION AND MOTION AND MOTION

PLEASE TAKE NOTICE THAT on Tuesday, August 12 , 2014 at 2 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, Oakland Division, in Courtroom 1, on the 4th Floor at 1301 Clay Street, Oakland, California, before the Honorable Yvonne Gonzalez Rogers, defendant Waypoint Homes, Inc. ("Defendant") will move to dismiss this action.

Defendant will move to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) on the following grounds, which are set forth in the following Memorandum of Points and Authorities:

- Plaintiff fails to state a claim under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq. ("ECOA"), because the ECOA does not apply to landlords.
- Plaintiff fails to plead facts sufficient to state a claim for actual damages under the ECOA.
- Plaintiff fails to plead sufficient facts to state a claim for injunctive relief under the ECOA.
- Plaintiff fails to plead facts sufficient to state a claim for punitive damages under the ECOA.

The motion will be based on this Notice, the Memorandum of Points and Authorities, the oral argument of the parties, and the complete files and records for this action.

Dated: July 3, 2014                         STEIN & LUBIN LLP


                                            By:  */s/ Ellen A. Cirangle*
                                                 Ellen A. Cirangle
                                                 Attorneys for Defendant
                                                 WAYPOINT HOMES, INC.

1                                                                        Case No. CV-14-1996 YGR
MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT

## ***TABLE OF CONTENTS***

***Page***

I. INTRODUCTION/SUMMARY OF ARGUMENT ......................................................... 1

II. BACKGROUND FACTS ................................................................................................ 2

III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE RESIDENTIAL LEASES ARE NOT CREDIT TRANSACTIONS UNDER THE EQUAL CREDIT OPPORTUNITY ACT ................................................................... 3

    A. The ECOA only applies to "creditors" ............................................................... 3

    B. Landlords are not "creditors" under the ECOA .................................................. 4

    C. *Brothers v. First Leasing* does not govern this case ........................................... 6

IV. PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED BECAUSE SHE FAILS TO ADEQUATELY PLEAD THE SUBSTANCE OF HER CLAIMS ................ 9

    A. Plaintiff pleads no facts to support her conclusion that Waypoint's alleged failure to give her notice of the specific reason it denied her rental application caused her to suffer damages .............................................................. 9

    B. Plaintiff pleads no facts to support her claim for injunctive relief .................... 10

    C. Plaintiff pleads no facts to support her claim for punitive damages ................. 11

V. CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. United Finance Co.*,
   666 F.2d 1274 (9th Cir. 1982) .................................................................................... 3, 9, 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................................. 9

*Bo Foods, Inc. v. Bojangles*,
   1987 WL 5904 (N.D. Ill Jan. 23, 1987) ............................................................................... 6

*Brothers v. First Leasing*,
   724 F.2d 789 (9th Cir. 1984) .................................................................................... 6, 7, 8, 9

*Coulibaly v. J.P. Morgan Chase Bank, N.A.*,
   2012 WL 3985285 (D. Md. Sept. 7, 2012) ......................................................................... 11

*Ferguson v. Park City Mobile Homes*,
   1989 WL 111916 (N.D. Ill. Sept. 18, 1989) ......................................................................... 6

*Head v. North Pier Apartment Tower*,
   2003 WL 22127885 (N.D. Ill. Sept. 12, 2003) ..................................................................... 5

*Laramore v. Ritchie Management Co.*,
   397 F.3d 544 (7th Cir. 2005) .......................................................................................... passim

*Liberty Leasing Co. v. Machamer*,
   6 F. Supp. 2d 714 (S.D. Ohio 1998) ..................................................................................... 7

*Mick's at Pennsylvania Avenue, Inc. v. BOD, Inc.*,
   389 F.3d 1284 (D.C. Cir. 2004) ........................................................................................ 6, 7

*Murfitt v. Bank of America*,
   2013 WL 7098636 (C.D. Cal. Oct. 22, 2013) ................................................................ 10, 11

*Portis v. River House Assoc.*,
   498 F. Supp. 2d 746 (M.D. Pa. 2007) ........................................................................... 5, 8, 9

*Riethman v. Berry*,
   287 F.3d 274 (3rd Cir. 2002) ................................................................................................. 4

*Rosenthal v. Hershman*,
   2005 WL 3348931 (E.D. Missouri Dec. 7, 2005) ................................................................. 5

*Shaumyan v. Sidetex Co.*,
   900 F.2d 16 (2d Cir. 1990) .................................................................................................... 5

**STATUTES**

15 U.S.C.
    §§ 1601-1693r ............................................................................................................... 7
    §§ 1667-1667e ........................................................................................................... 6, 7
    § 1681a(d) ..................................................................................................................... 1
    § 1691(2) ....................................................................................................................... 3
    § 1691(3) ....................................................................................................................... 3
    § 1691(a) ................................................................................................................... 1, 3
    § 1691(d) ................................................................................................................... 2, 3
    § 1691(d)(2) .............................................................................................................. 1, 3
    §§ 1691 *et seq.* ............................................................................................................. 1
    § 1691a(b) ..................................................................................................................... 4
    § 1691a(d) ..................................................................................................................... 3
    § 1691a(e) ..................................................................................................................... 4
    § 1691b(a)(1) ................................................................................................................ 8
    § 1691e .......................................................................................................................... 9
    § 1691e(a) ..................................................................................................................... 9
    § 1691e(a)-(c) ............................................................................................................... 9
    § 1691e(b) ................................................................................................................... 11
    § 1691e(c) ................................................................................................................... 11

42 U.S.C. §§ 3601 *et seq.* ..................................................................................................... 8

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 9

**OTHER AUTHORITIES**

Board of Governors of the Federal Reserve Supplementary Information
    50 Fed. Reg. 48018 (1985)
    50 Fed. Reg. 48020 (1985) ............................................................................................. 8

Cal. Prac. Guide Landlord-Tenant Ch. 12-D ........................................................................ 8

Pub. L. No. 93-495 (HR 11221), 88 Stat. 1500 (1974) § 502 ............................................... 3

Pub. L. No. 94-239 (HR 6516), 90 Stat. 251 (1976) ............................................................. 3

iii    Case No. CV-14-1996 YGR
MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT

**I.      INTRODUCTION/SUMMARY OF ARGUMENT**

Plaintiff Latarra Ollie ("Plaintiff") applied to rent a residential property from Defendant Waypoint Homes, Inc. ("Waypoint" or "Defendant") in Douglasville, Georgia. Waypoint rejected Plaintiff's rental application based upon information in her credit report. In obtaining, reviewing and utilizing Plaintiff's credit report, Waypoint fully complied with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, by informing Plaintiff that her rental application had been rejected based upon information in her credit report, informing her of her right to get a copy of the report, and providing the name and address where she could obtain such information. Plaintiff brings no claim for any violation of the FCRA.

However, Plaintiff claims Waypoint violated the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* ("ECOA"). The ECOA was passed in 1974 to eliminate discrimination by financial institutions and other firms engaged in the extension of credit. The ECOA requires "creditors" who choose not to extend "credit" to credit applicants to notify them of the specific reasons they are not extending them credit, or to notify them of their right to receive that information. 15 U.S.C. § 1691(d)(2). The ECOA also prohibits discrimination in credit transactions against certain classes of persons. 15 U.S.C. § 1691(a).

Plaintiff does not allege she or anyone else was the victim of any discrimination by Waypoint. Plaintiff's sole claim is that Waypoint violated the ECOA's notice provision by failing to provide her with a statement of the specific reasons her rental application was rejected or notice of where she could obtain that information.

Plaintiff's claim fails because the ECOA only governs "creditors." A landlord, such as Waypoint, does not extend credit to its tenants. Rather, a residential lease involves the contemporaneous exchange of consideration. Tenants pay their rent on the first of each month in exchange for the right to occupy the premises that month. There is no "deferral of a debt," which is required for a transaction to fall under the ECOA.

Plaintiff's claim also fails because she has alleged no facts to support her claim that Waypoint's alleged failure to provide her the additional information she alleges was required caused her any harm. Nor has Plaintiff pled any facts to support her claims for injunctive relief or

1  punitive damages.

2  For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

3  **II.     BACKGROUND FACTS**

4  The facts alleged in the Complaint are as follows:

5  Plaintiff resides in Douglasville, Georgia.  Complaint ¶ 4.  On or about January 12, 2014, Plaintiff applied for a residential property lease at a property owned, managed and/or maintained by Waypoint.  *Id*. ¶ 9.  Waypoint is located in Oakland, California.  *Id*. ¶ 5.  As part of its normal business practices in reviewing a potential tenant's rental application, Waypoint purchased a credit report from On-Site.com, a credit reporting agency.  *Id*. ¶ 11.  Waypoint rejected Plaintiff's rental application based upon information in her credit report.  *Id*. ¶ 12.  Waypoint promptly notified Plaintiff on January 13, 2014 that her rental application had been denied based upon information in the credit report it had received from On-Site.com.  *Id*. ¶ 12, and Exhibit A.

Waypoint's notice informed Plaintiff of her right under the FCRA to know the information in her file at On-Site.com, her right to a free copy of her credit report, how to obtain her free copy, and that if she found that any information in the report was inaccurate or incomplete, she had a right to dispute the matter with On-Site.com and to put into her report a consumer statement explaining her position on the items under dispute.  *Id.* Exhibit A.

Plaintiff alleges Waypoint violated the ECOA's notice provision, 15 U.S.C. § 1691(d) because Waypoint failed to provide her with a written statement of specific reasons for the denial of her rental application or to notify her of her right to a statement of reasons for the denial and the identity of the person or office where she could obtain that information.  *Id.* ¶ 14. Plaintiff brings no other claims besides her claim that Waypoint violated the ECOA's notice provision.

Plaintiff alleges Waypoint's violation of the ECOA's notice provision caused her to suffer, and continue to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.  *Id.* ¶ 26.

Plaintiff also seeks injunctive relief and punitive damages.  *Id.* p. 6:11-17.

2                     Case No. CV-14-1996 YGR
MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT

Plaintiff seeks to bring this action individually and on behalf of a class of individuals who also applied to rent a residential property from Waypoint and received the same allegedly defective notice letter Plaintiff received. *Id.* ¶ 15.

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE RESIDENTIAL LEASES ARE NOT CREDIT TRANSACTIONS UNDER THE EQUAL CREDIT OPPORTUNITY ACT

#### A. The ECOA only applies to "creditors"

Congress enacted the ECOA in 1974 after it determined "that there is a need to insure that various financial institutions and other firms engaged in the extension of credit exercise their responsibility to make credit available with fairness, impartiality, and without discrimination. . . ." Pub. L. No. 93-495 (HR 11221), 88 Stat. 1500 (1974) § 502.

The original purpose of the ECOA was to "eradicate credit discrimination against women, especially married women whom creditors traditionally refused to consider for individual credit." *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982). The Act was later expanded to prohibit such discrimination on the basis of race, color, religion, national origin and age in granting credit. Pub. L. No. 94-239 (HR 6516), 90 Stat. 251 (1976).

The Act makes it unlawful for any "creditor" to discriminate against any "applicant" with respect to any aspect of a "credit transaction" on the basis of the listed grounds. 15 U.S.C. § 1691(a). The ECOA also contains a separate provision entitling an "applicant" who is denied credit to a statement of reasons for such denial from the "creditor." 15 U.S.C. § 1691(d)(2). The creditor can fulfill this requirement by either providing a statement of reasons in writing, or giving written notice of adverse action which discloses the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and the identity of the person or office from which such statement may be made. 15 U.S.C. § 1691(d)(2). A statement of reasons must contain the specific reasons for the adverse action taken. 15 U.S.C. § 1691(d)(3).

"Credit" is defined as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property and defer payment therefor." 15 U.S.C. § 1691a(d).

A "creditor" is defined as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e).

An "applicant" means "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b).

The "hallmark of 'credit' under the ECOA is the right of one party to make deferred payment. The courts have consistently so held." *Riethman v. Berry*, 287 F.3d 274, 277 (3rd Cir. 2002) (citing *Shaumyan v. Sidetex Co.*, 900 F.2d 16, 18 (2d Cir. 1990) (it "is apparent that the ECOA extends only to instances in which the right to defer payment on an obligation is granted. Absent a right to defer payment for a monetary debt, property or services, the ECOA is inapplicable.").

The question is whether Waypoint acted as a "creditor" when it denied Plaintiff's rental application. If it was not, the Act does not apply and Plaintiff's claim must be dismissed.

### B. Landlords are not "creditors" under the ECOA

The Ninth Circuit has not addressed the issue of whether residential leases fall under the ECOA. However, courts in other Circuits have held the ECOA does <u>not</u> apply.

The Seventh Circuit addressed this issue in detail in *Laramore v. Ritchie Management Co.*, 397 F.3d 544 (7th Cir. 2005). The Court recognized the issue is whether "a residential lease amounts to the right of a lessee to defer payment of a debt for the purchase of property or services already purchased." *Id*. at 546. The Court held:

> [A] typical…residential lease does not involve a credit transaction. The typical residential lease involves a contemporaneous exchange of consideration-the tenant pays rent to the landlord on the first of each month for the right to continue to occupy the premises for the coming month. A tenant's responsibility to pay the total amount of rent due does not arise at the moment the lease is signed; instead a tenant has the responsibility to pay rent over roughly equal periods of the term of the lease. The rent paid each period is credited towards occupancy of the property for that period (i.e., rent paid

4  Case No. CV-14-1996 YGR
MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT

> November 1 is credited towards the right of a tenant to occupy the premises in November). As such, there is no deferral of a debt, the requirement for a transaction to be a credit transaction under the Act.

*Id*. at 547.

In *Portis v. River House Assoc.*, 498 F. Supp. 2d 746 (M.D. Pa. 2007), the Court agreed with the *Laramore* Court that residential leases were not covered by the ECOA. The Court noted:

> [L]ogically and structurally, it does not appear to us that this statute, which was "enacted to protect consumers from discrimination by *financial institutions*," *Midlantic National Bank v. Hansen,* 48 F.3d 693, 699 (3d Cir.1995) (emphasis added), was intended to be used to prohibit discrimination by *landlords.* We so conclude because we find sound *Laramore's* reasoning that "[t]he typical residential lease involves a *contemporaneous* exchange of consideration-the tenant pays rent to the landlord on the first of each month for the right to continue to occupy the premises for the coming month." 397 F.3d at 547 (emphasis added). Thus, generally speaking, residential leases are not credit transactions and landlords are not creditors under the ECOA.

498 F.Supp. 2d at 750-51.

In *Head v. North Pier Apartment Tower*, 2003 WL 22127885, *3 (N.D. Ill. Sept. 12, 2003), the Court also held the ECOA did not apply to an application for an apartment lease because "there was never any deferral of a debt payment since plaintiff had to pay his rent each month in exchange for occupying the apartment." In *Rosenthal v. Hershman*, 2005 WL 3348931, *2 (E.D. Missouri, Dec. 7, 2005) the Court held that denial of an apartment lease based upon bad credit does not trigger the ECOA because "[a]lthough [Plaintiff] was denied the apartment because of his bad credit, he was not seeking credit from the defendants, and he cannot state a claim against these defendants for his poor credit rating."[1]

On the closely related issue of whether a commercial sublease was a credit transaction under the ECOA, the D.C. Circuit held that the ECOA did not apply because the lease

---

[1] Nor does the fact that the notice Waypoint sent to Plaintiff contains a paragraph referencing the ECOA create liability under the Act. See Exhibit A to Complaint (broadly referencing ECOA as applying.) The notice letter was a generic form and such boilerplate cannot be construed as making Waypoint liable under the ECOA where they otherwise clearly are not. *Shaumyan v. Sidetex Co., Inc.*, 900 F.2d 16, 19 (2d Cir. 1990).

provided no right to defer payment of a debt or to incur a debt and defer its payment. *Mick's at Pennsylvania Avenue, Inc. v. BOD, Inc.*, 389 F.3d 1284, 1289 (D.C. Cir. 2004).

These courts that have addressed the issue have all found no logical or structural support for expanding the interpretation of the ECOA to apply to residential leases.[2]

### C. *Brothers v. First Leasing* does not govern this case

In several of these decisions, the courts addressed a 1984 Ninth Circuit case, *Brothers v. First Leasing*, 724 F.2d 789 (9th Cir. 1984), which held the ECOA applied to <u>personal</u> property consumer leases.

*Brothers* concerned the issue of whether an <u>automobile</u> lease was an extension of credit covered by the ECOA. In *Brothers*, plaintiff, a female, had attempted to lease an automobile for her personal use. 724 F.2d at 790. Defendant required her to submit a completed "Application for Lease Credit" which included her husband's financial history as well as her own. *Id*. Defendant denied plaintiff the lease because of her husband's prior bankruptcy. *Id*. Plaintiff claimed defendant discriminated against her on the basis of marital status in violation of ECOA's anti-discriminatory provision. *Id.* at 791.

The *Brothers* Court couched the sole issue before it as whether the ECOA applied to "consumer leases" under the Consumer Leasing Act (CLA), 15 U.S.C. §§ 1667-1667e. 724 F. 2d at 791-792. The Court noted that consumer leases covered by the CLA were limited to leases of "personal property…not exceeding $25,000." *Id*. at fn.7.

In a split decision, the Court held the ECOA applied to such consumer leases. The Court noted that the ECOA is part of the same act as the CLA – the Consumer Credit Protection

---

[2] Defendant's counsel is only aware of two cases that even arguably support an opposite interpretation of the ECOA, both of which pre-date *Laramore* and neither of which is persuasive. In *Ferguson v. Park City Mobile Homes*, 1989 WL 111916 (N.D. Illinois, Sept. 18, 1989) the court found a mobile home park lease fell within the ECOA. However, the *Laramore* court found this case unpersuasive, noting the court "provided little analysis to support its decision" and that "[t]he court's decision also appears to have been motivated, at least in part, by the poor performance by counsel opposed to applying the ECOA." 397 F.3d at 547. In *Bo Foods, Inc. v. Bojangles*, 1987 WL 5904, *4 (N.D.Illinois, Jan. 23, 1987) the court dismissed an ECOA claim concerning a franchise agreement on the grounds that the statute did not cover guarantors. In dicta, the court stated its belief, without analysis, that the "better view" was that the ECOA did cover leases. *Id*. at fn.5.

Act, 15 U.S.C. §§ 1601-1693r ("CCPA"). 724 F.2d at 791. The Court further noted that the CLA requires lessors to meet certain disclosure requirements prior to entering into consumer leases. *Id*. at 791. The Court reasoned that since Congress included "the leasing of durable consumer goods to regulation under the disclosure provisions of the [CCPA]," the Court could see no reason why Congress would have "exclude[d] those transactions from the scope of the anti-discrimination provisions of that Act." *Id*. at 794.

Courts addressing the *Brothers* decision have found that the *Brothers* Court addressed a different issue than the applicability of the ECOA to residential leases, and that the Court's rationale for its ruling does not extend to residential leasing.

The inapplicability of the *Brothers* decision to real property leases was recognized by the D.C. Circuit in the *Mick's at Pennsylvania Avenue* case. In distinguishing the *Brothers* case, the Court noted that the *Brothers* Court "based its holding on the premise that the anti-discrimination provisions of the Act apply to all transactions covered by the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667e [citation omitted]…[t]he reasoning in *Brothers*, therefore, has no application to a commercial real estate lease." 389 F.3d at 1289, fn. 6. See also *Liberty Leasing Co. v. Machamer*, 6 F. Supp. 2d 714, 718 (S.D. Ohio 1998) (finding an equipment lease was not covered by the ECOA and recognizing *Brothers* holding was a "narrow" one premised on the fact the ECOA is part of the Consumer Credit Protection Act and related to the Consumer Leasing Act).

The *Laramore* Court expressly recognized the *Brothers* opinion addressed a different issue:

> Because the Ninth Circuit's decision in *Brothers* concerned consumer leases, a term defined for the purposes of that case as personal property, *see Brothers,* 724 F.2d at 792 n. 7, our decision in this case, as it is concerned with residential leases, is not in direct conflict and does not create, therefore, a split amongst the circuits. To our knowledge, this court is the only circuit court that has addressed the applicability of the ECOA to residential leases.

397 F.3d 544, 546, fn.1 (7th Cir. 2005). [3]

---

[3] The Rutter Group California Landlord-Tenant Practice Guide likewise advises California landlords that "the rental of residential property is not a 'credit transaction' covered by the

The *Laramore* Court also noted that shortly after the ruling in *Brothers*, the Board of Governors of the Federal Reserve, who are in charge of implementing the ECOA[4], issued a Supplementary Information addressing the *Brothers* opinion. *Laramore*, 397 F.3d at 547-548. The Board stated its view that the finding in *Brothers* that the ECOA applied to consumer leases "interpreted the ECOA's definition of credit too broadly…" *Id*. at 548 (quoting 50 Fed. Reg. 48,018 and 48,020). The Court noted the Board concluded that "Congress did not intend the ECOA, which on its face applies only to credit transactions, to cover lease transactions unless the transaction results in a 'credit' sale as defined in the Truth in Lending Act and Regulation Z." *Id*.

The Board also noted that "Congress has consistently viewed lease and credit transactions as distinct and mutually exclusive financial transactions and has treated them separately under the Consumer Credit Protection Act." 50 Fed. Reg. 48020.[5]

The Court found the Board's view, along with the plain language of the statute, persuasive in concluding the ECOA does not apply to residential leases. 397 F.3d at 547-48.

Likewise, in *Portis*, the Court noted:

> [W]e agree with *Laramore's* acknowledgment of a regulation promulgated by the Board of Governors of the Federal Reserve Systems after the Ninth Circuit's decision in *Brothers v. First Leasing,* 724 F.2d 789 (9th Cir.1984). Therein, the Board, empowered under the ECOA to "prescribe regulations to carry out the purposes of this title," 15 U.S.C. § 1691b(a)(1), indicated " 'that the Ninth Circuit interpreted the ECOA's definition of credit too broadly when it concluded in the *Brothers* case that the granting of a lease is an extension of credit.' " *Laramore,* 397 F.3d at 548 (quoting 50 Fed. Reg. 48,018, 48020). Such guidance from a body empowered to provided it by the ECOA is, at a minimum, persuasive.

498 F. Supp. 2d 746, 751 (M.D. Pa. 2007).

Thus, the *Brothers* decision is neither dispositive nor persuasive authority in this

---

ECOA" (citing *Laramore v. Ritchie Mgmt. Co.,* 397 F.3d 544, 546). Cal. Prac. Guide Landlord-Tenant Ch. 12-D at 12:126 ; see also *Id*. Ch. 2:596:30 (noting same and that *Brothers* applies to "consumer personal property leases.")

[4] See 15 U.S.C. § 1691b(a)(1)).

[5] Indeed, discrimination in housing is comprehensively covered by a separate statute, the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*

case.

Plaintiff alleges Waypoint is in the business of renting residential properties, and that she filled out a rental application. Complaint ¶¶ 4, 9. Under these facts, Plaintiff's single claim in this action must be dismissed with prejudice, as she cannot state a claim under the ECOA.

## IV. PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED BECAUSE SHE FAILS TO ADEQUATELY PLEAD THE SUBSTANCE OF HER CLAIMS

Even if the ECOA applied to landlords, Plaintiff's claim would still fail because she has pled no facts to support her right to any relief under the civil liability section of the ECOA, 15 U.S.C. § 1691e. That section of the Act provides for actual and punitive damages, and injunctive relief. 15 U.S.C. § 1691e(a)-(c). However, Plaintiff's allegations supporting her alleged right to relief under the Act fail to meet the applicable pleading standards, and therefore must be dismissed.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, (citations omitted) a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

### A. Plaintiff pleads no facts to support her conclusion that Waypoint's alleged failure to give her notice of the specific reason it denied her rental application caused her to suffer damages.

The ECOA provides that "any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant. . . ." 15 U.S.C. § 1691e(a).

"However, the court will not presume any injury. The actual damages must be specifically proven." *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277-78 (9th Cir. 1982). Plaintiff must present sufficient facts "to connect Defendant's purported violation of the ECOA to actual damages [s]he suffered as a result." *Murfitt v. Bank of America*, 2013 WL 7098636, *7

(C.D. Cal., Oct. 22, 2013) (citations omitted). A complaint for damages will be dismissed if a Plaintiff "has not provided sufficient factual allegations to explain how Defendant's failure to provide notice or a statement of reasons caused" Plaintiff harm. *Id*.

Plaintiff fails to meet this standard. Plaintiff provides only the conclusory allegations that "as a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continued to suffer, personal humiliation, embarrassment, mental anguish and emotional distress" and that "[a]s a result of the above violations of the ECOA, Defendant is liable to Plaintiff for actual damages…." Complaint ¶¶ 26, 27.

Plaintiff submitted a rental application on January 12, 2014. *Id.* ¶ 9. Plaintiff admits Waypoint informed her the next day of its decision to deny her application based upon her credit report. *Id.* ¶ 12. Plaintiff admits that Waypoint also provided her at the same time all the information she needed to obtain a copy of her credit report for free. *Id.* Exhibit A. The only thing Plaintiff alleges Waypoint did wrong was to fail to notify her she had right to a statement of its specific reasons for denying her application within thirty days from the time she made such a request. *Id.* ¶ 14.

But Plaintiff's story stops after she admits she received Waypoint's letter, and jumps directly to her conclusory allegations of harm caused by Waypoint's alleged violation of the ECOA. She alleges no facts to support her causal leap from Waypoint's failure to provide notice to her alleged suffering of harm. Because Plaintiff pleads no facts to connect her conclusory allegation of harm to Waypoint's allegedly wrongful actions, her claim for damages must be dismissed.

**B.** **Plaintiff pleads no facts to support her claim for injunctive relief**

Plaintiff seeks equitable relief "[e]njoining Defendant, its agents, employees and assigns from further violations of the ECOA." Complaint, p. 6:16-17.

An equitable remedy "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any *real or immediate threat* that the plaintiff *will be wronged again*." *Murfitt*, 2013 WL 7098636, *8 (citing *city of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

1    The wrong Plaintiff alleges she has suffered is Waypoint's failure to provide her
2  notice of her right to its specific reasons for denying her rental application.  Plaintiff has pled no
3  facts indicating she plans on submitting another rental application to Waypoint.   Plaintiff has
4  demonstrated no "real or immediate threat" that Waypoint will wrong her again, and Plaintiff's
5  claim for equitable relief under 15 U.S.C. § 1691e(c) must be dismissed.  *Murfitt*, 2013 WL
6  7098636, *8 (dismissing ECOA claim for injunctive relief).

   **C.    Plaintiff pleads no facts to support her claim for punitive damages**

8    Punitive damages under the ECOA may be awarded under section 1691e(b) of the
9  Act if (1) a creditor wantonly, maliciously or oppressively discriminates against an applicant, or
10 (2) the creditor acts in "reckless disregard of the law. . . ."  *Anderson*, 666 F.2d at 1278 (citation
11 omitted).   Since punitive damages are awarded to punish the defendant and serve as an example
12 or warning to others not to engage in similar conduct, "they are only justified when the
13 defendants has committed a particularly blameworthy act." *Id*. (citation omitted).  The concept of
14 damages as "punitive" "implies some degree of blame beyond a technical violation of the
15 [ECOA]."  *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 3985285, *7 (D. Md. Sept. 7,
16 2012) (citation omitted).

17    Plaintiff must plead facts that Waypoint acted in "reckless disregard of the law"
18 and such action was "particularly blameworthy to state a claim for punitive damages."  But that is
19 not what is alleged here.  Plaintiff does <u>not</u> allege Waypoint discriminated against her or anyone
20 else and instead asserts only a technical notice violation.  At best, Plaintiff is asking the Court to
21 expand the ECOA and create new law, in contradiction of the law in other Circuits.  *See, e.g.*,
22 *Coulibaly* at *8 (denying punitive damages where "it was not clear whether the statute even
23 applied" at the time of Defendant's violations of the ECOA).  Plaintiff alleges no facts to support
24 her claim for punitive damages under the ECOA and her claim must therefore be dismissed.
25 //
26 //
27 //
28 //

**V.   CONCLUSION**

For the reasons set forth above, Waypoint respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

Dated: July 3, 2014                                  STEIN & LUBIN LLP

By: */s/ Ellen A. Cirangle*
Ellen A. Cirangle
Attorneys for Defendant
WAYPOINT HOMES, INC.

81790004/522541v2