**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LATARRA OLLIE**, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>**WAYPOINT HOMES, INC.**,<br><br>          Defendant. | Case No.: 14-CV-1996 YGR<br><br>**ORDER DENYING IN PART DEFENDANT'S MOTION TO DISMISS; PROVIDING PLAINTIFF AN OPPORTUNITY TO AMEND** |

Now before the Court is Defendant Waypoint Homes' Motion to Dismiss the complaint of Plaintiff Latarra Ollie, in which Plaintiff alleges that Defendant violated the Equal Credit Opportunity Act ("ECOA") by failing to comply with the procedural protections due applicants in credit transactions.[1]

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion suitable for resolution without oral argument. Accordingly, the Court **VACATES** the hearing set for September 16, 2014.

relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The core of the motion turns on the parties' dispute over whether the transaction at issue here, as alleged in the complaint, constitutes a "credit transaction" that falls under the ECOA. The Court concludes that Plaintiff has met her burden in this regard at this juncture. *See Brothers v. First Leasing*, 724 F.2d 789 (9th Cir. 1984). Moreover, on the face of Defendant's own letter, it appears that Defendant concedes independently that its actions against Plaintiff qualify as "credit transactions" and that it is therefore obligated to comply with the ECOA. (Letter of Denial from Defendant to Plaintiff, Exhibit A to Complaint, Dkt. No. 4.)

Second, Defendant disputes whether Plaintiff has alleged adequately that harm resulted from Defendant's failure to comply with its obligations under the ECOA. The Court finds that she has. Damages stemming from an ECOA violation may include out-of-pocket monetary losses, injury to credit reputation, and mental anguish, humiliation or embarrassment. *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982.) Plaintiff alleges that she was injured in the form of humiliation and embarrassment by the deprivation of information relating to her denied application for a residential lease upon Defendants' running of a credit report. The Court finds Plaintiff's allegation plausible and related to Defendant's failure to comply with the ECOA.

Third, Defendant disputes whether Plaintiff is entitled to request punitive damages for violations of the ECOA. She is. 15 U.S.C. § 1691e(b). For a violation of the ECOA, a plaintiff may be entitled to actual, compensatory and punitive damages, along with equitable relief and recovery for costs and attorney fees. *Id.* Punitive damages are not compulsory; an aggrieved party may be entitled to punitive damages "pursuant to section 1691e(b) if (1) the creditor wantonly, maliciously or oppressively discriminates against an applicant, or (2) the creditor acts in reckless disregard of the requirements of the law, even though there was no specific intention to discriminate on unlawful grounds." *Anderson*, 666 F.2d at 1278 (internal quotations omitted). Here, Plaintiff has alleged that even though Defendant holds itself out as beholden to the ECOA, it nonetheless disregards the procedural protections due to applicants thereunder as a matter, seemingly, of course. Defendant argues the facts differ and that Defendant did not meet the

standard for punitive damages (*see* Reply at 6-7), but that question is not suitable for resolution on a motion to dismiss. Plaintiff has sufficiently alleged that Defendant's conduct raises a plausible claim for punitive damages under the statute.

Fourth, Defendant argues that Plaintiff has not stated a claim for injunctive relief because she has not showed a threat of being harmed again by Defendant's allegedly unlawful conduct. The Court finds this argument persuasive. An "[e]quitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of *any real or immediate threat* that the plaintiff *will be wronged again.*" *Murfitt v. Bank of Am. NA*, EDCV 13-01182 JGB, 2013 WL 7098636, *8 (C.D. Cal. Oct. 22, 2013) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983) (emphasis supplied)). Although Plaintiff has posited that Defendants have perpetrated, essentially, a pattern and practice of holding themselves out as ECOA-covered and failing to comply with the ECOA, the complaint lacks any allegation that can support a finding that there is any immediate threat that Plaintiff continues to be or will be wronged again, or any basis for the Court's finding that this requirement is met. Accordingly, Defendant's motion on this ground is granted with leave to amend.

Finally, the Court notes that in Plaintiff's opposition to the motion, she indicates that she does not seek actual damages for herself, and that this representation is at variance with a statement in her complaint. Accordingly, Plaintiff shall have leave to amend her complaint to reflect accurately which damages she seeks.

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED** in part. Plaintiff shall have 30 days from the date of this Order to file an amended complaint.

**IT IS SO ORDERED**.

Date: **September 15, 2014**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**