UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATARRA OLLIE,<br><br>    Plaintiff,<br><br>   v.<br><br>WAYPOINT HOMES, INC.,<br><br>    Defendant. | Case No.  14-cv-01996-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING DEFENDANT'S MOTION FOR CERTIFICATION** |

Now before the Court are the motions of Defendant Waypoint Homes for leave to file a motion for reconsideration and, alternatively, a motion for certification under 28 U.S.C. section 1292(b), in regard to this Court's Order Denying in Part Defendant's Motion to Dismiss. (Dkt. Nos. 24, 25, 26.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** both Defendant's motion for leave to file a motion for reconsideration and motion to certify for interlocutory review.[1] The Court finds that Defendants have not met their burden to establish the standard is met for reconsideration, or that exceptional circumstances warrant certification of the interlocutory order at issue here.

**II.  RECONSIDERATION ANALYSIS**

In its Motion for Leave to File a Motion for Reconsideration, Defendant requests that the Court grant leave to file a motion for reconsideration based on this Court's denial in part of its motion to dismiss. Civ. L.R. 7-9(b) requires that the moving party specifically identify that "a material difference in fact or law exists from that which was presented to the Court" previously,

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court vacated the hearing set for **October 28, 2014**. (Dkt. No. 34.)

the emergence of new material facts or a change of law occurring after the previous order, or a manifest failure by the Court to consider material facts or dispositive legal arguments previously presented to the Court. Here, Defendant argues that the Court disregarded the authorities cited in its Motion to Dismiss as a basis for its motion for leave to file a motion for reconsideration.

Contrary to Defendant's suggestion, the Court considered the authorities from other circuits cited in Defendant's briefing and did not find them dispositive at this early juncture. Although Defendant argues that the abstract question of whether the Equal Credit Opportunity Act ("ECOA") applies to residential leases is a purely legal one, the Court finds that the analysis turns on an application of the law to the facts alleged in, and distinct to, this case. Indeed, the cases upon which Defendant relies suggest that there remains a question of fact concerning whether the circumstances about which Plaintiff complains involved a "credit transaction." For example, Defendant cites to *Laramore v. Ritchie*, 397 F.3d 544, 547 (7th Cir. 2005) to support its contention that "***virtually*** all residential leases are structured the same way and do not meet the Equal Credit Opportunity Act's ("ECOA") definition of credit transactions." That, however begs the question of whether the lease at issue here is structured in the same way as those other courts have found to be outside the scope of the ECOA. Defendant quotes extensively from *Laramore* to support its point that residential leases are not generally of a character such that they would qualify as credit transaction for ECOA purposes:

> "[A] typical…residential lease does not involve a credit transaction. The typical residential lease involves a contemporaneous exchange of consideration-the tenant pays rent to the landlord on the first of each month for the right to continue to occupy the premises for the coming month. A tenant's responsibility to pay the total amount of rent due does not arise at the moment the lease is signed; instead a tenant has the responsibility to pay rent over roughly equal periods of the term of the lease. The rent paid each period is credited towards occupancy of the property for that period (i.e., rent paid November 1 is credited towards the right of a tenant to occupy the premises in November). As such, there is no deferral of a debt, the requirement for a transaction to be a credit transaction under the Act."

*Laramore*, 397 F.3d at 547. But the Laramore court further elaborated:

> "We say the "typical" residential lease because, even though the terms of a residential lease are often constrained by state and local laws, we do not foreclose

> the possibility that the parties to such a lease may craft a lease that might, by its terms, come under the terms of the ECOA.  For the purposes of this case, we are concerned only with leases that provide for the lease of residential property for a term and roughly equal rental payments are due to the landlord at the beginning of each month during that term."

*Id.* at 547 n.2.

Again, the language above begs the question of whether Plaintiff's lease qualifies as a "typical" residential lease that does not qualify as a credit transaction.  Indeed, cases provided by Defendant establish that while most residential leases would not qualify as credit transactions for ECOA purposes, certain characteristics could change the calculus.  (*See* Defts. Reply in Supp. of Mot. to Dismiss at 2-3 (citing *Portis v. River House Associates, L.P.*, 498 F. Supp. 2d 746, 750-51 (M.D. Pa. 2007) (agreeing with *Laramore* that "[t]he ***typical*** residential lease involves a *contemporaneous* exchange of consideration-the tenant pays rent to the landlord on the first of each month for the right to continue to occupy the premises for the coming month…Thus, ***generally speaking***, residential leases are not credit transactions and landlords are not creditors under the ECOA"); *Head v. North Pier Apartment Tower*, 2003 WL 22127885, *3 (N.D. Ill. Sept. 12, 2003) (ECOA did not apply to an application for an apartment lease because "there was never any deferral of a debt payment since plaintiff had to pay his rent each month in exchange for occupying the apartment") (further citations and discussion omitted; emphases supplied)).)

Notably, Defendant did not provide a copy of the lease or application that formed the basis for Plaintiff's complaint, or request judicial notice of any fact relating to the nature of the leasing arrangement of which Plaintiff complains.  Indeed, Defendant is alleged to have characterized its decision as a credit transaction, as it "denied credit" to Plaintiff.  (*See* Letter, Exhibit A to Complaint.)  Thus, a plausible inference arises that Plaintiff's lease agreement is not a "typical" lease, as Defendant argued.  The factual allegations are not amenable to dismissal as a matter of law.  Plaintiff has stated a plausible ECOA claim that turns on facts yet to be shown.  Further, the facts and law are not materially different than those presented previously to the court.  Thus, Defendant has not established a basis for reconsideration of the Court's Order.

Accordingly, Defendant's request for leave to file a motion for reconsideration is **DENIED**.

## II. CERTIFICATION ANALYSIS

Under Title 28 U.S.C. section 1292(b), the district court may certify appeal of an interlocutory order if: (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law. "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). Courts apply the statute's requirements strictly, and grant motions for certification only when exceptional circumstances warrant it. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978). A party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Id.* A party must establish that all three requirements of section 1292(b) are met in order to seek an appeal of an interlocutory order. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

First, Defendant has not established that there is a "controlling question of law" to be determined on appeal. Although the statute and case law have not established a precise definition for what constitutes a "controlling question of law," the Ninth Circuit has indicated that a "controlling question" should be limited to such issues as who are proper parties, whether a court has jurisdiction, and whether state or federal law should apply. *See Rollins v. Dignity Health*, 13-CV-01450-TEH, 2014 WL 1048637 (N.D. Cal. Mar. 17, 2014) citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Here, although Defendant argues in the abstract that the question of whether the ECOA applies to residential leases is purely legal, the Court finds that the answer to this question turns on an application of the law to the facts distinct to this case. As stated above, Defendant relies on cases that suggest that there remains some question of fact concerning whether the lease at issue here involved a "credit transaction." *Laramore*, 397 F.3d at 547; *Portis*, 498 F. Supp. 2d at 750-51; *Head*, 2003 WL 22127885 at *3. Defendant has not established that the question here

4

presented involves a controlling question solely of law; rather, the question is more aptly understood as an application of law to facts.

For similar reasons, Defendant does not satisfy the second prong of the certification analysis. Defendant has offered no sufficient basis for finding a difference of opinion. As explained above, the basis for determining whether the ECOA applies to the circumstances surrounding Defendant's denial of "credit" to Plaintiff and her lease application have yet to be uncovered.

Finally, as to the third prong of the certification analysis, the Court has determined that the core issue here is best resolved upon a factual record yet to be developed. Allowing for the requested extraordinary remedy would therefore not materially advance the litigation. Thus, the second element for certification – whether interlocutory appeal would materially advance the ultimate termination of the litigation – is also not satisfied.

Based on the foregoing, Defendant's request to certify the order here for interlocutory appeal is **DENIED**.

This terminates Docket Numbers 25 and 26.

**IT IS SO ORDERED**.

Dated: October 28, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Judge

5